## Hutchinson v. Hutchinson Manufacturing Company.

*Contracts—Construction of agreement fixing royalties on gross retail selling price.*

Under an agreement for royalties based upon the gross retail selling price of machines, less selling commission, which contains a clause providing "that gross retail selling price is mutually understood to mean the amount of money at which the machines are retailed for, less a selling commission of not more than 12 per cent. for every machine sold; and to include all motors, engines, parts and attachments which are a part and parcel of the machines; no parts, however, to be sold except with or for a machine or for repairs," royalties must be paid by the licensee upon the gross retail selling price, less selling commissions, of all machines sold, including all motors, engines, parts and attachments which are a part and parcel of the machine and including parts which are sold with a machine or for a machine or for repairs, and whether sold simultaneously with the machine or separate and apart from machines.

Petition, under the Uniform Declaratory Judgments Act of June 18, 1923, P. L. 840, for construction of contract. C. P. No. 5, Phila. Co., Dec. T., 1923, No. 5204.

*J. W. McWilliams*, for plaintiff; *E. Hopkinson, Jr.*, for defendant.

MARTIN, P. J., March 14, 1924.—In this proceeding the court is asked to construe a written agreement under theUniform Declaratory Judgments Act of 1923.

The defendant is engaged in manufacturing and selling woodworking machinery under a license from the plaintiff, who holds patents upon said machines. The agreement between the parties provided for royalties, to be based upon the gross selling price, less selling commission. The only dispute between the parties is with respect to the construction to be placed upon that clause of the agreement which provides "that gross retail selling price is mutually understood to mean the amount of money at which the machines are retailed for, less a selling commission of not more than 12 per cent. for every machine sold; and to include all motors, engines, parts and attachments which are a part and parcel of the machines; no parts, however, to be sold except with or for a machine or for repairs." The contention of the plaintiff is that under this clause the defendant is to pay a royalty upon the gross selling price of parts as well as machines, and whether sold with or separately from the machines. The contention of the defendant is that under this clause of the agreement the royalty is only payable upon the gross selling price of parts which are sold simultaneously with machines.

The first part of the clause in question might lead to the conclusion that the royalties are only to be paid upon machines and "motors, engines, parts and attachments which are a part and parcel of the machines," but the intention of the parties must be gathered from all the language used in this clause, and effect given to the whole of it, if possible. The expression "no parts, however, to be sold except with or for a machine or for repairs," clearly indicates that it was contemplated by the parties that parts could be sold as there provided, and this means that parts could be sold with a machine, but that they could also be sold for a machine or for repairs without restriction. This language appearing in the clause which assumes to fix what the words "gross retail selling price" shall include, it necessarily follows that the parties contemplated that the commission should be paid upon the parts which were to be sold with the machines, as well as such as were sold for machines or for repairs. It is admitted that the gross retail selling price of parts and attachments sold separate and apart from the machines, less selling commission,

amounts to $3051.49, and that the royalties have not been paid upon this sum.

And now, to wit, March 14, 1924, the court construes the disputed clause of the contract in question to mean that royalties shall be paid by the defendant to the plaintiff upon the gross retail selling price, less selling commissions, of all machines sold, including all motors, engines, parts and attachments which are a part and parcel of the machine, and including parts which are sold with a machine or for a machine or for repairs, and whether sold simultaneously with the machine or whether sold separate and apart from machines. The court further determines and concludes that the plaintiff is entitled to royalties upon the sum of $3051.49 under the terms of the agreement between the parties.